UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: KENNEDITH FITZGERALD MARTIN EL,

Petitioner.

_____/

Case No. 15-mc-50984

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**OPINION AND ORDER DISMISSING MATTER**

On July 14, 2015, Kennedith Fitzgerald Martin El (a/k/a "Kennedith Fitzgerald Miller Martin"), filed a plethora of documents including an "Affidavit of Truth" [1], "Constructive Legal Notice-UCC-1 Registration Declaration of Sovereignty Ultimate Claim to Legal Freedom Notice to Principal is Notice to Agent Notice to Agent is Notice to Principal" [2], Notice of Entitlement Right UCC-1 Registeration [sic]" [3], "Copyright Notice of Commerical Trade-Name/Mark-UCC-1 Registration Declaration of Sovereignty Ultimate Claim to Legal Freedom Notice to Principal is Notice to Agent Notice to Agent is Notice to Principal" [4], and a "Special Power of Attorney in Fact and Declaration of Representative" [5].

Having reviewed all of Petitioner's filings, the Court has determined that federal subject matter jurisdiction is lacking. The federal courts are courts of limited jurisdiction; they have only such jurisdiction as is defined by Article III of the United States Constitution and granted by Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). As provided in 28 U.S.C. §§ 1331 and 1332, federal courts have jurisdiction (1) over civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331 ("federal question jurisdiction"), and (2) over civil actions

-1-

-2-

between completely diverse parties where the matter in controversy exceeds the sum or value of $75,000, 28 U.S.C. § 1332 ("diversity jurisdiction"). Federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*. *See In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005). Additionally, Federal Rule of Civil Procedure 12(h)(3) requires the Court to dismiss an action if, at any time, it determines it lacks subject matter jurisdiction over the action. *See* Fed. R. Civ. P. 12(h)(3).

Here, Petitioner neither raises a federal cause of action nor asserts a state cause of action involving diverse parties that exceeds $75,000. This Court therefore lacks subject matter jurisdiction.

For the foregoing reasons, IT IS HEREBY ORDERED that this matter is dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated: October 6, 2015  /s/Gershwin A Drain
Detroit, MI  HON. GERSHWIN A. DRAIN
United States District Court Judge